SZABO v METROPOLITAN REGIONAL PSYCHIATRIC HOSPITAL

Docket No. 100600. Submitted April 8, 1988, at Detroit. Decided
    August 31, 1988.

Edward Szabo, individually and as administrator of the estate of
    Josephine Szabo, brought in Wayne Circuit Court a negligence
    and malpractice action against Wayne County General Hospi-
    tal, Metropolitan Regional Psychiatric Hospital and H. San-
    ders. In his September, 1979, complaint, plaintiff averred that
    defendant Wayne County General Hospital "was both owned
    and operated by Wayne County, at all pertinent times herein."
    Subsequent to the January 22, 1985, decisional date of *Ross v
    Consumers Power Co (On Rehearing)*, 420 Mich 567 (1984),
    defendant Wayne County General Hospital moved for summary
    disposition on the basis of governmental immunity. Plaintiff
    argued that the failure of the county hospital to raise govern-
    mental immunity prior to the decisional date of *Ross* precluded
    any subsequent raising of governmental immunity. The trial
    court, Richard C. Kaufman, J., denied defendant county hospi-
    tal's motion. Defendant Wayne County General Hospital ap-
    pealed on leave granted.

    The Court of Appeals *held:*

    Governmental immunity of a governmental entity is not an
    affirmative defense which must be raised in the first responsive
    pleading. Since plaintiff acknowledged in his complaint that
    defendant Wayne County General Hospital was owned and
    operated by Wayne County and pled no facts in avoidance of
    governmental immunity, defendant county hospital properly
    could seek summary disposition on the basis of governmental
    immunity at any time, the issue of governmental immunity
    having already been raised by plaintiff's complaint.

    Reversed.

REFERENCES

Am Jur 2d, Hospitals and Asylums § 2.

Am Jur 2d, Municipal, County, School, and State Tort Liability
    §§ 87, 661 *et seq.*

Immunity from liability for damages in tort of state or governmen-
    tal unit or agency in operating hospital. 25 ALR2d 203.

Governmental Immunity — Pleading — Hospitals.

> The failure of a publicly owned hospital to raise the issue of
> governmental immunity prior to the decisional date of *Ross v
> Consumers Power Co (On Rehearing)*, 420 Mich 567 (1984), does
> not preclude such hospital from moving for summary disposi-
> tion on the basis of governmental immunity where the plaintiff
> in the complaint acknowledged the hospital's status as a public
> entity and failed to plead facts in avoidance of governmental
> immunity.

*Lopatin, Miller, Freedman, Bluestone, Erlich,
Rosen & Bartnick* (by *Richard E. Shaw*), for plain-
tiffs.

*Samuel A. Turner,* Corporation Counsel, and
*Glen H. Downs,* Deputy Corporation Counsel, for
Wayne County General Hospital.

Before: HOLBROOK, JR., P.J., and MacKENZIE and
N. A. BAGULEY,* JJ.

PER CURIAM. Defendant Wayne County General
Hospital (hereinafter defendant) appeals by leave
for delayed appeal granted from an order denying
its motion for summary disposition pursuant to
MCR 2.116(C)(7) and (8). We reverse.

Plaintiff's decedent died at defendant hospital in
1979. In September, 1979, plaintiff filed a com-
plaint against defendant and others alleging that
the death was, in relevant part, "a result of the
negligence and/or malpractice of Defendant . . .
by and through its agents, servants and/or em-
ployees". The complaint also alleged that "the
Defendant herein, Wayne County General Hospi-
tal, was both owned and operated by Wayne
County, at all pertinent times herein."

Defendant in 1986 moved for summary disposi-
tion, claiming that it was immune from liability
under *Ross v Consumers Power Co (On Rehearing)*,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

420 Mich 567; 363 NW2d 641 (1984), and *Hyde v University of Michigan Bd of Regents,* 426 Mich 223; 393 NW2d 847 (1986). Plaintiff, on the other hand, maintained that, because defendant had not raised the issue of governmental immunity prior to January 22, 1985, the date of the *Ross* decision, under *Hyde* governmental immunity was not available to defendant. Ultimately the trial court agreed with plaintiff and denied defendant's motion, apparently for the reason that defendant failed to raise the governmental immunity defense in a timely fashion.

The parties seem to agree that defendant would be protected by governmental immunity under *Ross* if, under the rules of retroactivity enunciated in *Hyde, Ross* is applicable to this case. In *Hyde,* the Supreme Court stated:

> We hold that the rules articulated in *Ross* apply to all cases commenced after January 22, 1985, the date our opinion was issued, and to those cases pending either in trial or appellate courts on January 22, 1985, in which a governmental immunity issue was properly raised and preserved. [426 Mich at 230.]

Later, in clarification, when discussing the facts of one of the consolidated cases the *Hyde* Court noted:

> This [a post-*Ross* motion for summary disposition] was the first time that the PCHA had raised the "defense" of governmental immunity. However, the PCHA's failure to raise the issue in its first responsive pleading did not waive it. See n 35. Plaintiff's complaint, filed prior to *Ross,* contained sufficient facts to raise a governmental immunity issue, or more specifically, a lack thereof. The complaint indicated that the PCHA operated a public general hospital, which was not entitled to

immunity from tort liability pursuant to *Parker.* Moreover, paragraph two alleged that the PCHA was a profit-making institution. This allegation was sufficient to invoke the statutory "proprietary function" exception. [426 Mich 236, n 7.]

Applying an analogous analysis to the present case, defendant claims that plaintiff's complaint, in stating that "defendant, Wayne County General Hospital, was both owned and operated by Wayne County, at all pertinent times herein," sufficiently raised the issue of governmental immunity and that defendant need not have pled governmental immunity in its answer. Plaintiff, in opposition, argues that defendant must have claimed governmental immunity or an affirmative challenge to the applicability of governmental immunity must be raised by plaintiff in order to properly "raise and preserve the issue."

We agree with defendant. The clear import of *Hyde,* footnote 7, is that defendant's failure to raise the governmental immunity "defense" in a pre-*Ross* pleading did not constitute a waiver, since plaintiff's complaint alleged sufficient facts to raise the issue. Immunity of a governmental entity is not an affirmative defense, so that defendant was not constrained to raise the issue in its first responsive pleading. See *Canon v Thumudo,* 430 Mich 326, 344-345; 422 NW2d 688 (1988). Plaintiff's pre-*Ross* complaint acknowledged defendant's status as a governmental entity. The fact that plaintiff acknowledged defendant's status as a public general hospital in its pleadings and failed to plead facts in avoidance of governmental immunity, entitled defendant to summary disposition on the basis that it was protected by governmental immunity.

Reversed.